**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

DAPHNE McKINNEY : CIVIL ACTION NO.
*Plaintiff* : Docket No. 3:01CV0935(MRK)

v.

STATE OF CONNECTICUT,
DEPARTMENT OF TRANSPORTATION
*Defendant* : December 1, 2003

FILED
DEC 2 1 59 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

**MEMORANDUM IN SUPPORT**
**OF DEFENDANT'S MOTION IN LIMINE**

**INTRODUCTION**

Plaintiff Daphne McKinney, an African-American female, began her employment with the Department of Transportation in 1993 as a Connecticut Careers Trainee in the position of Transportation Planner I. Plaintiff claims that since late December 1999, she has been passed over for promotion to Transportation Planner II in favor of less qualified Caucasian employees. She also asserts that after she complained about the discriminatory denial of promotion, she was retaliated against by having her duties reduced and was forced to work in a hostile environment at the hands of her supervisors and colleagues because of her race and opposition to discrimination. The plaintiff filed a four-count complaint, alleging claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 1981, 42 U.S.C. § 1983 and state law claims of intentional infliction of emotional distress and negligent infliction of emotional distress. The Court granted defendant's Motion to Dismiss (Endorsement 6-1, December 12, 2001) dismissing the claims pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983 and

state law claims of intentional infliction of emotional distress and negligent infliction of emotional distress. A single claim pursuant to Title VII remains.

The Department of Transportation now moves to preclude the plaintiff from introducing the testimony of several witnesses, including but not limited to Aailiyah Mahasin-Blade, Laila Mandour, Ricky Reed, Robert A. Gordon, James Peay, Lisa Tilum, George Payne, Kevin Lynch and Rick Gray pursuant to Federal Rules of Evidence Rules 401 and 701. These witnesses' testimony is described by plaintiff to consist of their own experiences as former Affirmative Action complainants while employed by the defendant. Defendant objects to such testimony on the following grounds: (1) the witnesses lack sufficient foundation, (2) the witnesses have no first hand personal knowledge surrounding the plaintiff's complaint regarding her failure to be promoted or alleged retaliation or hostile environment; and (3) any probative value to such testimony is outweighed by prejudicial propensity to confuse and mislead the jury, which might impute liability to the defendants based on acts that have no causal nexus to the plaintiff.

The defendant also formally requests a Rule 103(c) hearing outside the presence of the jury requiring that the plaintiff make an offer of proof establishing both the relevancy and foundation.

## ARGUMENTS

The plaintiff purports to call the witnesses listed hereinabove to testify "as to the past and present discrimination against African-Americans within the workplace at DOT and the hostile work environment he endured therein." See Joint Trial Memorandum, description of testimony of Ricky Reed; Robert Gordon; James Peay; Laila Mandour, and George Payne. In addition, plaintiff insufficiently describes the subject matter of the testimony to be given by Kevin Lynch and Rick Gray. To the extent that plaintiff seeks to elicit testimony from <u>any</u> current DOT

employee concerning possible past complaints that they were subject to discrimination, the defendant hereby respectfully moves that such testimony be precluded.

Testimony from co-workers that they were subject to discrimination is excluded under Rules 401 and 403 based on lack of probative value and potential unfair prejudice. See, e.g., Tennison v. Circus Circus Enterprises, 244 F.3d 684 (9th Cir. 2001)(probative value of coworker's testimony of sexual harassment was outweighed by danger of undue prejudice, and risk of mini-trial provided basis to exclude coworker testimony.)

Patently, the only basis for the inclusion of these witnesses on the plaintiff's witness list is to potentially inflame the jurors' minds. Potential witness Ricky Reed, for example, brought a federal lawsuit against DOT, Reed v. Department of Transportation, Docket No. 3:98CV0426(AVC) premised on his failure to obtain a promotion. The court (Covello, J) granted defendant's motion for summary judgment on March 29, 2001. Counsel for Mr. Reed was plaintiff's counsel in this matter, W. Martyn Philpot., Jr. The defendant represents that any testimony from this plaintiff would be tainted and biased.

The allowance of testimony of Mr. Reed, and other potential witnesses with similar complaints, to testify would be unfairly prejudicial to the defendant. See, United Stats v. Ricks, 882 F.2d 885, 893 (4th Cir. 1989), cert denied, 493 U.S. 1047 (1990); United States v. King, 713 F.2d 627, 632 (11th Cir. 1983), cert denied, 466 U.S. 942 (1984).

Similarly, Robert A. Gordon, another witness listed for the plaintiff, brought an employment action against DOT in the matter of Gordon v. Dept. of Transportation, 3:98CV2532(AWT). United States District Court Judge Alvin W. Thompson granted defendant's motion for summary judgment on March 29, 2001.

Further, Lisa Tilum is listed as yet another witness for the plaintiff. Ms. Tilum has a pending matter against the Department in Tilum v. Department of Transportation, 3:03CV0973(DJS). Also, Ms. Tilum is not similarly situated to the plaintiff inasmuch as she currently is a Transportation Engineer 3 seeking promotion to Transportation Engineer Supervisor while the plaintiff's line of promotion is in the Transportation Planner class.

The Court has wide discretion relative to admission of evidence under Rule 403. The Rule requires a balancing act and a Judge has broad discretion to weight the probative value of the evidence against the negative factors of prejudice. See, e.g., United States v. Abel, 469 U.S. 45, 54, 105 S. Ct. 465 (1984); United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1193 (2d Cir.), cert denied, 493 U.S. 933 (1989); United States v. Jamil, 707 F.2d 638, 642 (2d Cir. 1983).

In this matter, allowing the plaintiff to parade disgruntled employees, including those who unsuccessfully had their day in court, would be unfairly prejudicial and would add no probative value. These disgruntled employees have different supervisors, different units or departments and different workplaces and thus their testimony is irrelevant. See, Wyvill v. United Cos. Life Ins., 212 F.3d 296 (5th Cir. 2000)(error to admit anecdotal evidence about alleged age based discrimination against other employees where those employees had different supervisors, or worked in different parts of the company, or where those alleged age based job actions are removed in time from actions at issue in case at bar). Further, evidence in the form of lay opinion testimony from coworkers regarding whether discrimination has occurred should be excluded as well under Rule 701. Testimony that a supervisor had a "hostile and belligerent relationship with black employees" was excluded in Hogan v. American Telephone & Telegraph Co., 812 F.2d 409, 410-11 (8th Cir. 1987), on the basis that the testimony was prejudical.

Likewise, coworkers' testimony that a supervisor's treatment of employee was race-based was not admissible lay testimony. Hester v. Bic Corp., 225 F.3d 178 (2d Cir. 2000).

To permit plaintiff's counsel to present witnesses who have no connection to the above-captioned matter other than obvious animus toward the defendant would be highly prejudicial and elicit testimony that is not at all probative in the pending case but, nevertheless, would prejudice the jury. It should be noted that upon the undersigned's best information and belief, no Court has yet issued a finding that the Department of Transportation engaged in race based discrimination in any action filed by a DOT employee.

**CONCLUSION**

For all of the above stated reasons, the defendant moves for an order in limine prohibiting the plaintiff from presenting witnesses who would offer evidence that is highly inflammatory and unfairly prejudicial to the defendant concerning their own complaints or their opinion as to plaintiff's complaint.

The defendant further requests that the court require that the plaintiff make an offer of proof as to those witnesses whose testimony is insufficiently described so the court may assess the foundational, relevancy and prejudicial effect of any testimony before issuing a ruling on the admissibility of witness testimony.

DEFENDANT

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: ______________________

Edward F. Osswalt
Assistant Attorney General
Federal Bar No. ct15252
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5383
E-mail: Edward.Osswalt@po.state.ct.us

BY: ______________________

Jane B. Emons
Assistant Attorney General
Federal Bar No. ct16515
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5383
E-mail: Jane.Emons@po.state.ct.us

**CERTIFICATION**

I hereby certify that a copy of the foregoing Memorandum in Support of the Defendant's Motion in Limine was mailed on this 1st day of December, 2003, first class postage prepaid, to:

**W. Martyn Philpot, Jr., Esq.**
**409 Orange Street**
**New Haven, CT 06511-6406**

______________________
Edward F. Osswalt
Assistant Attorney General